UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21831-BLOOM/Elfenbein

LISSETTE GORDON,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Equifax Information Services LLC's ("Equifax") Motion to Dismiss ("Motion"), ECF No. [26]. Plaintiff Lissette Gordon ("Gordon") filed a Response in Opposition, ("Response"), ECF No. [27], to which Defendant filed a Reply, ECF No. [29]. Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I.   BACKGROUND**

This case arises from Equifax's alleged reporting of inaccurate and incomplete data relating to Gordon's Wells Fargo Card Services, CitiCards CBNA, Discover Bank, Barclays Bank, Sync B/Sams Club DC, Tropical Telco FCU, and LVNV Funding LLC Accounts ("Accounts"). ECF No. [22] at ¶ 9. Gordon asserts five claims under the Fair Credit and Reporting Act ("FCRA"). *Id.* at 5-10.

Gordon's Amended Complaint alleges that on November 2, 2023, March 6, 2024, October 15, 2024, March 27, 2025, and June 3, 2025, Gordon obtained a copy of her Equifax consumer reports from www.annualcreditreport.com, in which she noticed several flaws in the completeness and accuracy of the data provided. *Id.* at ¶ 7. On March 22, 2024, March 31, 2025, and May 8,

2025, Gordon mailed Equifax dispute letters, calling into question the completeness and accuracy of the Accounts. *Id.* at ¶ 9. On those Accounts, Equifax reported the following inaccurate and incomplete data:

> 1) inaccurate and missing payment history 2) inaccurate balances 3) missing high credit 4) inaccurate account type 5) inaccurate loan type 6) inaccurate terms frequency 7) missing actual payment amount 8) missing date of last activity 9) inaccurate date of first delinquency 10) missing creditor dispute comments 11) missing date closed 12) missing creditor classification and 13) re-aging of account.

*Id.* at ¶ 10.

On April 2, 2024, and April 11, 2025, Equifax mailed Gordon a letter, which stated that "because the information you provided as proof of your identity does not match the information we currently have on your credit file, we ask that you send us a copy of two different items," and requested documents, including Gordon's driver's license and social security card, which Gordon had already provided. *Id.* at ¶¶ 11, 12. On May 24, 2025, Equifax mailed Gordon the results of the investigation from Gordon's May 8th dispute letter, stating that "the furnishers of information either updated or verified the tradelines as accurate but failed to correct in errors in reporting or simply delete the accounts." *Id.* at ¶ 14.

Gordon alleges that Equifax failed to have reasonable procedures in placing pertaining to the verification of Gordon's identity, the accuracy of the information reported about Gordon, and the reinvestigation of disputed information in her credit file. *Id.* at ¶ 16. Due to Equifax's failure to implement and maintain reasonable procedures, the inaccurate information remained on Gordon's profile and caused damage to her. *Id.* at ¶ 17.

Equifax moves to dismiss because Gordon fails to plead specific factual inaccuracies, which is required to assert a claim under the FCRA. ECF No. [26]. Equifax further contends that Gordon's claims are not actionable under 15 U.S.C. § 1681g because her claims do not involve

information bearing on her "creditworthiness," and there is no cause of action for non-compliance with Metro II or the Credit Reporting Resource Guide Standards ("CRRG"). *Id.* Gordon responds that she plausibly alleges actual inaccuracies and Equifax's repeated failures to investigate. ECF No. [27]. Moreover, Gordon asserts that Equifax attempts to seek premature factual adjudication. *Id.* Equifax replies that Gordon fails to address Equifax's argument that Gordon fails to show any inaccuracy in reporting, nor does Gordon address Equifax's argument regarding her § 1681g claim. ECF No. [29].

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, "[o]n a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at \*3 (N.D. Fla. Aug. 25, 2010)); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th

Cir. 2007) ("We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits.").

### B. Fair Credit Reporting Act

Under 15 U.S.C. § 1681e, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "The Act, however, does not make reporting agencies strictly liable for all inaccuracies." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). If a consumer notifies the consumer reporting agency of a dispute as to the "completeness or accuracy of any item of information contained" in the file, "the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period[.]" 15 U.S.C. § 1681i(a)(1)(A); *Mesa v. Pa. Higher Educ. Assistance*, Case No. 16-24577-Civ, 2018 WL 1863743, at *2 (S.D. Fla. Mar. 15, 2018) ("[W]here a consumer notifies an agency that he or she disputes the completeness or accuracy of any item in his or her file, the agency must conduct a 'reasonable reinvestigation' to determine whether the item is inaccurate and either record the item's status or delete it within 30 days."), *report and recommendation adopted*, Case No. 16-24577-Civ, 2018 WL 11202683 (S.D. Fla. May 4, 2018).

"If, after any reinvestigation . . . an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-- (i) promptly delete that item of information from the file of the consumer[.]" 15 U.S.C.§ 1681i(a)(5)(A). A consumer may request a description of a consumer reporting agency's reinvestigation procedure, and the consumer reporting agency must provide the description "by not later than 15 days after receiving a request from the consumer for that description." 15 U.S.C. § 1681i(a)(7). Congress created a

statutory private right of action for negligent or willful violations of the duties imposed on a person under the FCRA. 15 U.S.C. §§ 1681n., 1681o.; *Bresky v. Experian Info. Sols., Inc.*, CASE NO. 0:20-CV-62180, 2021 WL 2590132, at *2 (S.D. Fla. Apr. 1, 2021) ("Sections 1681n and 1681o provide for private rights of action against those who willfully or negligently fail to comply with the FCRA's requirements.").

"To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021). As part of a plaintiff's showing, she "must 'show that a credit reporting agency prepared a report containing "inaccurate" information,' which, if not shown, fails to establish a violation of the FCRA." *Padilla v. Experian Info. Sols., Inc.*, No. 23-cv-60669, 2023 WL 4014700, at *2 (S.D. Fla. May 12, 2023) (quoting *Cahlin*, 936 F.2d at 1156).

### C.  *Pro Se* Pleadings

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.  DISCUSSION

Equifax contends that the Amended Complaint must be dismissed because Gordon fails to show inaccuracy in reporting, which is a threshold matter to FCRA claims asserted under 15 U.S.C. §§ 1681e(b), i. ECF No. [26] at 3. Equifax points out that Gordon's case rests on a hyper-technical theory that Equifax did not report the information in the proper form, and concedes that she cannot locate a factual inaccuracy in her Equifax credit report. *Id.* at 5. Gordon responds that the Amended

Complaint provides specific allegations regarding multiple tradelines reported by Equifax, and the actual reports she provided show such inaccuracies. ECF No. [27] at 2.

As her burden, the consumer must "show that a credit reporting agency prepared a report containing 'inaccurate' information," which, if not shown, fails to establish a violation of the FCRA. *Cahlin*, 936 F.2d at 1156; *Lacey v. TransUnion, LLC*, Case No. 8:21-cv-519-02, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021) ("Plaintiff's claims under 15 U.S.C. 1681e(b) and 1681(i) [sic] require her to plead and prove an inaccuracy in her credit report or credit file."). The "maximum possible accuracy" standard is used for determining whether a consumer report contains inaccurate information, which requires that the "information . . . be factually true and also unlikely to lead to a misunderstanding." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020). This requires that a plaintiff show that the consumer report was "factually incorrect, objectively likely to mislead its intended user, or both[.]" *Id.*; *see Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367-68 (11th Cir. 2024) (same).

However, "factual allegations that are merely consistent with the Defendants' liability do not satisfy the Plaintiff's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief." *Lacey*, 2021 WL 2917602, at *3. Indeed, "the alleged inaccurate information" must be "objectively and readily verifiable" to the consumer reporting agency. *Holden*, 98 F.4th at 1368. Blanket and conclusory assertions that a report was inaccurate are insufficient to satisfy a plaintiff's burden. *See, e.g.*, *Daley v. Trans Union LLC*, Case No. 23-cv-24329, 2023 WL 7495089, at *4 (S.D. Fla. Nov. 13, 2023) (finding that the plaintiff's allegations that "a certain item on his credit report was 'not [his] debt' and that the credit report reflects inaccurate dates for the debt and the dollar amounts" were insufficient, as it was unclear which debt the plaintiff claimed did not belong to him, because there were eleven accounts in the

credit report); *Padilla v. Experian Info. Sols., Inc.*, CASE NO. 23-CV-60669, 2023 WL 4014700, at *4 (S.D. Fla. May 12, 2023) (finding that the plaintiff failed to show that the credit report contained inaccurate information, as the plaintiff inadequately alleged "threadbare recitals" of the elements of an FCRA claim); *Reyes v. Trans Union LLC*, CASE NO. 24-cv-21045, 2024 WL 2976750, at *3-*4 (S.D. Fla. June 13, 2024) (concluding that allegations that "Trans Union does not reinvestigate disputed inquiries; does not notify the source of the disputed inquiry about the consumers' disputes of the information; does not provide the source with all the relevant information about the dispute; and does not delete disputed inquiries that it cannot verify" were insufficient to make a threshold showing of inaccurate information).

Here, Gordon "fails to factually allege how [her] credit report is inaccurate and makes solely conclusory allegations as to the unreasonableness of [Equifax's] investigative procedures." *Padilla*, 2023 WL 4014700, at *4. In the Amended Complaint, Gordon provides a list of blanket inaccurate information and data reported by Equifax, *see* ECF No. [22] at ¶ 10. However, similar to the allegations considered in *Daley*, Gordon claims that there are inaccuracies in her seven accounts yet fails to plead with any factual detail what those inaccuracies are. It is unclear whether Gordon seeks to claim that each account contains inaccurate information, and, more importantly, how the report is inaccurate. In her Response, Gordon claims that in addition to providing specific allegations, she highlighted and submitted annotated copies with her initial filings. ECF No. [27] at 2. However, the credit reports attached to her initial Complaint contain no more than one-word annotations and still fail to allege how the report is inaccurate. *See* ECF No. [1]. Accordingly, the Court finds that Gordon has not satisfied her initial burden to allege an inaccuracy in Equifax's reporting.

Therefore, because the threshold question has not been satisfied, *Reyes*, 2024 WL 2976750, at *4, the Court need not address Equifax's remaining arguments. Nevertheless, the Court grants Gordon one more opportunity to amend her Complaint to add factual allegations supporting her claims that Equifax's reports contained inaccurate or incomplete information.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Equifax's Motion to Dismiss, **ECF No. [26]**, is **GRANTED**.

2. Gordon shall file a Second Amended Complaint in accordance with the Court's Order **no later than October 17, 2025**. The failure to file a Second Amended Complaint will result in the dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 26, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record